IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONALD R. GOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-1178-DGK-SSA |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Donald R. Goss ("Goss") seeks judicial review of the Commissioner of Social Security's denial of his application for supplemental security income ("SSI") based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq.* The Administrative Law Judge ("ALJ") found that while Goss suffers from depressive disorder, anxiety, borderline intellectual functioning, and Hepatitis C, he retained the residual functional capacity ("RFC") to perform light work with a variety of restrictions. Following testimony from a vocational expert ("VE"), the ALJ found Plaintiff was not disabled because he could perform work as a flatwork finisher, burr grinder, and bander hand.

After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

**Factual and Procedural Background**

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Michael J. Astrue as the defendant in this suit.

Plaintiff filed his application for SSI benefits on January 23, 2008, alleging a disability onset date of January 1, 2006. The Commissioner denied his application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and on July 16, 2010 issued his decision holding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on September 27, 2011, leaving the ALJ's decision as the Commissioner's final decision. Thus, Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be

2
Case 4:11-cv-01178-DGK   Document 21   Filed 09/05/13   Page 2 of 7

expected to last for a continuous period of not less than 12 months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[2]

Plaintiff contends the ALJ erred: (1) at step four of the process by failing to base his RFC determination on medical evidence; and (2) at step five by posing a hypothetical question to the VE that did not accurately reflect his mental limitations. These arguments are without merit.

**A.     The ALJ properly determined Plaintiff's RFC.**

The ALJ's RFC determination is a measure of the most an individual can do despite the combined effect of all his credible limitations. 20 C.F.R. § 416.945. It is not based only on evidence from medical reports or sources; rather, it is based on all the relevant credible evidence of record. *Id.*; *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). In determining a claimant's RFC, the ALJ may consider the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, attempts to work, need for a structured living environment, and work evaluations. SSR 96-8p. The claimant bears the burden of establishing his RFC at step four of the sequential evaluation process. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).

---

[2] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

3

In the present case, the ALJ made a detailed RFC determination. She found Plaintiff had the RFC to sit, stand, or walk for six hours in an eight hour day, and he could lift ten pounds frequently and up to twenty pounds occasionally. R. at 16. She also found Plaintiff should never climb ladders, ropes, or scaffolds, or be exposed to hazards such as dangerous machinery or unprotected heights, but he could occasionally climb stairs or ramps. R. at 16. With respect to Plaintiff's mental limitations, the ALJ found he could not be expected to understand, remember, or carry out detailed instructions, and his job duties should be restricted to simple, repetitive, and routine tasks. R. at 16. The ALJ also found Plaintiff should not have any job duties that required contact with the public, but he could have occasional contact with co-workers and supervisors. R. at 16.

Plaintiff contends the ALJ erred because this finding is not based on medical evidence. The Court finds the RFC determination is supported by medical evidence and a variety of other evidence on the record. Treatment records from Truman Behavioral Health support the ALJ's finding that Plaintiff's mental impairments did not justify a more restrictive RFC. These records show Plaintiff's mental impairments were exacerbated by failure to take his medication, and that his condition improved by regularly taking his medication, undergoing therapy, and continuing to abstain from methamphetamine use. R. at 18-19, 164, 176, 181-82, 190, 273-76, 286, 291, 298-301, 311, 325, 331, 423, 425. They also document that Plaintiff's mood and affect were consistently stable, and that he displayed normal speech and motor activity, logical thought process, intact attention and concentration, and appropriate affect. R. at 18, 170, 174, 181-82, 185-86, 210-11, 265-66, 276-77, 280-81, 284-85, 298-99, 307-08, 311-12, 318-19, 323, 326-27, 329, 331-32, 335-36, 339, 343, 345, 347, 365, 427-28.

The ALJ's findings are confirmed by medical testimony from the state agency psychological consultant, Dr. Martin Isenberg, Ph.D. After conducting an independent review of

4

Plaintiff's medical records, Dr. Isenberg concluded that Plaintiff was moderately limited in working with detailed instructions, interacting appropriately with the public, and accepting instructions and responding to criticism from supervisors. R. at 249-50. Since substantial evidence on the record as a whole supports this determination, the ALJ did not err in basing her decision in part on Dr. Isenberg's opinion. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002).

The RFC determination is also supported by Plaintiff's activities of daily living. As the ALJ noted, Plaintiff cared for himself, his wife, and his daughter; he drove and used public transportation; he cleaned around the house and prepared microwave meals; and he could make the bed, do laundry, and take out the trash. R. at 15, 85-88, 117-18, 126, 459, 460, 464. The fact that Plaintiff shopped every three or four days and interacted appropriately with doctors and social workers, supports the ALJ's modest limitations on social interactions. R. at 15, 88, 126, 174, 181, 189-204, 213-16, 265-374, 427-28. Plaintiff's report that he had no problems concentrating while watching a one-hour television program, and that he watched four to five hours of television per day, is consistent with the moderate limitations the ALJ imposed on the concentration, persistence, and pace of work. R. at 15, 119, 127.

The ALJ's determination also takes into consideration Plaintiff's sporadic work history. R. at 19. Plaintiff earned no income in 1993, 1995, 1997 through 2004, and 2006; and he only earned a total of around $400 in 1992, 1994, and 1996. R. at 75. The ALJ did not err in considering this evidence because, "[a] lack of work history may indicate a lack of motivation to work rather than a lack of ability." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001).

Finally, the Court is not persuaded that the ALJ should have given more weight to Plaintiff's global assessment of functioning ("GAF")[3] score history. GAF scores measure both the severity of a patient's symptoms and the patient's functional level, with the final GAF rating reflecting the lower of the two. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). Thus "the score does not reflect the clinician's opinion of functional capacity." *Id.* Because a GAF score may not accurately describe a patient's level of functioning, neither the "regulations or case law require an ALJ to determine the extent of an individual's disability based entirely on his GAF score." *Id.* When the scores do not reflect a claimant's present abilities, the ALJ may give greater weight to the medical evidence and the claimant's testimony than to the GAF scores. *Hudson ex rel. Jones v. Barnhart*, 345 F.3d 661, 666 (8th Cir. 2003).

Here, Plaintiff's GAF scores ranged from 41 to 50, R. at 171, 176, 264, 424, indicating serious symptoms or serious impairment in social, occupational, or school functioning. Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) 34 (4th ed. 2000). But as discussed above, Plaintiff's functioning is only moderately impaired by his mental limitations, thus his GAF scores do not accurately reflect his overall level of functioning. Accordingly, the ALJ did not err in giving little weight to his GAF scores.

**B.     The hypothetical question posed to the VE accurately reflected all of Plaintiff's mental limitations.**

At the close of the hearing, the ALJ asked the VE a hypothetical question containing the limitations contained in his RFC finding. R. at 471-72. The VE answered that a hypothetical employee with these limitations could perform light, unskilled jobs of flatwork finisher, burr

---

[3] A GAF is the clinician's judgment of the individual's overall level of functioning, not including impairments due to physical or environmental limitations. Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) 30-32 (4th ed. 2000).

grinder, and bander hand. R. at 472-73. Based on the VE's answer, the ALJ found Plaintiff was not disabled.

Repeating the arguments he made earlier, Plaintiff contends the hypothetical did not reflect all of his mental limitations, thus the VE's answer does not constitute substantial evidence on the record. Plaintiff does not dispute that the question was properly formulated.

Because the ALJ properly formulated the hypothetical question and, as discussed above, the RFC determination contained all of Plaintiff's credible limitations, the VE's answer constitutes substantial evidence on the record as a whole. Accordingly, the ALJ did not err in finding that Plaintiff could perform light, unskilled work and was not disabled. *Robson v. Astrue*, 526 F.3d 389, 393 (8th Cir. 2008); *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001).

## Conclusion

The Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   September 5, 2013               /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT